897 A.2d 314

IN THE MATTER OF A. KENNETH WEINER, AN ATTORNEY
AT LAW (ATTORNEY NO. 263871970).

May 11, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–265, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **A. KENNETH WEINER** of **EAST BRUNSWICK**, who was admitted to the bar of this State in 1970, and who has been suspended from the practice of law since July 23, 2004, by Orders of the Court filed on July 23, 2004, and May 4, 2005, should be suspended from practice for a period of two years;

And the Disciplinary Review Board having concluded that **A. KENNETH WEINER** violated *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), former *RPC* 1.4 (failure to keep client reasonably informed about status of matter, and to promptly comply with reasonable requests for information and failure to explain matter to extent reasonably necessary to permit client to make informed decisions about representation), *RPC* 1.5 (charging unreasonable fee), *RPC* 1.16(d) (failure to turn over client's file and return unearned fee at termination of representation), *RPC* 8.1(b) (failure to respond to lawful demands for information from disciplinary authorities), *RPC* 8.4(c) (misrepresentation to client), *RPC* 8.4(d) (conduct prejudicial to administration of justice),and *Rule* 1:20–20(b)(11) and (15) (failure to notify clients, attorneys and court of suspension and to file affidavit of compliance);

And good cause appearing;

It is ORDERED that **A. KENNETH WEINER** is suspended from the practice of law for a period of two years and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent shall not be reinstated to the practice of law until all disciplinary matters pending against him are concluded and until respondent satisfies the outstanding fee arbitration determination in District Docket No. VIII–03–088F and pays the sanction in the amount of $500 to the Disciplinary Oversight Committee as ordered by the Court on May 4, 2005; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law; and it is further

ORDERED that respondent continue comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.